SO ORDERED.

SIGNED this 12th day of October, 2017.



*Dale L. Somers*
Dale L. Somers
United States Bankruptcy Judge

_____

For on line use but not print publication
# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In Re:<br><br>**KELLI LURIE GATEWOOD,**<br><br>  DEBTOR. | **CASE NO. 17-11183**<br>**CHAPTER 7** |
| **SAMUEL K. CROCKER,**<br>United States Trustee,<br><br>  PLAINTIFF,<br><br>v.<br><br>**CASEY PUCKETT,**<br>Individually and Doing Business as<br>Uncontested Documents<br><br>  DEFENDANT. | **ADV. NO. 17-05099** |

# MEMORANDUM OPINION AND ORDER
# DENYING DEFENDANT'S MOTION TO DISMISS UNDER RULE 12(b)(6)

Samuel K. Crocker, the United States Trustee (UST), by Richard A Wieland, brings this action against Defendant Casey Puckett (Puckett), individually and doing business as Uncontested Documents, for recovery under 11 U.S.C. §110,[1] entitled penalty for persons who negligently or fraudulently prepare bankruptcy petitions. Puckett, appearing *pro se*, has moved to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6).[2] The Court has jurisdiction.[3] For the reasons discussed below, the Court denies the motion.

**THE STANDARD FOR DISMISSAL UNDER RULE 12(b)(6)**

The standard applicable for ruling on a motion to dismiss under Rule 12(b)(6) is well settled. "[T]o withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.' "[4] A claim for relief is plausible when the plaintiff pleads facts adequate to draw a

---

[1] Future references to Title 11 in the text shall be to the section number only.

[2] Fed. R. Civ. P.12(b)(6) is made applicable to adversary proceedings by Fed R. Bankr. P. 7012(b).

[3] This Court has jurisdiction over the parties and the subject matter pursuant to 28 U.S.C. §§ 157(a) and 1334(a) and (b), and the Amended Standing Order of Reference of the United States District Court for the District of Kansas that exercised authority conferred by § 157(a) to refer to the District's bankruptcy judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective June 24, 2013. D. Kan. Standing Order No. 13-1, *printed in* D. Kan. Rules of Practice and Procedure at 168 (March 2016). Furthermore, this Court may hear and finally adjudicate this matter because it is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). There is no objection to venue or jurisdiction over the parties.

[4] *Khalik v. United Air Lines,* 671 F.3d 1188, 1190 (10th Cir.2012) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

reasonable inference that the defendant is liable for the alleged misconduct.[5]  Applying this standard, the Court finds that the UST has stated a claim for which relief can be granted against Puckett.

**THE ALLEGATIONS OF THE COMPLAINT**

The Complaint alleges the following.  Puckett is a bankruptcy petition preparer as defined by § 110(a)(1).  On March 30, 2017, the Court entered agreed orders in two separate bankruptcy cases in which Puckett agreed not to charge more than $200 for his services as a bankruptcy petition preparer.  In May 2017, Puckett began to run advertisements on Craigslist stating that he was running a special for Chapter 7 bankruptcy petition preparation for $199, with a purchase of a $100 gift certificate.  On May 17, 2017, the UST sent a letter to Puckett informing him that the bankruptcy fee was limited to $200 and asking him to confirm his compliance with the agreed orders.  On May 24, 2107, Puckett responded to the UST, stating that he was charging $200 for bankruptcy preparation services.

On  June 8, 2017, Debtor Gatewood contacted Puckett for help in preparing Gatewood's bankruptcy documents.  Puckett informed Gatewood that the fee for bankruptcy documentation work was $809, but Puckett was running a special for $299 where, in addition to the document preparation, Gatewood would receive a $100 gift

---

[5] *McDonald v. Wise*, 769 F.3d 1202, 1210 (10th Cir. 2014) (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)).

3

certificate, good for one year that could be used towards the purchase of any of Puckett's products. On June 8, 2017, Gatewood paid Puckett $299 for the preparation of her bankruptcy documents and the gift certificate.

On June 21, 2017, Gatewood filed for Chapter 7 protection. Puckett signed Form 2800, Disclosure of Compensation of Bankruptcy Petition Preparer, that disclosed he received a fee of $200. The form was filed with Gatewood's Chapter 7 petition. On July 25, 2017, Gatewood attended her meeting of creditors where she completed the Declaration for Self-Represented Debtors. On the declaration, Gatewood stated that she paid Puckett $300 for his services.

As of July 29, 2017, Puckett was running an advertisement on Craigslist reflecting his regular bankruptcy service fee as $709/$809. The ad also said he was running a special under which the bankruptcy fee would be $300, including a "Pay it Forward Gift Certificate." Under the ad, potential clients are led to believe that a standalone $200 fee for bankruptcy services is not available.

Four claims for relief are alleged in the Complaint. The first claim is for disgorgement of excessive fees under § 110(h)(3)(A), which provides a bankruptcy court may disallow a bankruptcy petition preparer's fee and order immediate turnover of the fee to the bankruptcy estate, if the court finds that the fee is excessive for the value of services rendered by the bankruptcy preparer. The second claim is for a fine for failure to disclose compensation under §110(h), which requires a bankruptcy petition preparer to

file with the petition under penalty of perjury a declaration of fee received from the debtor. The third claim is for sanction for fraudulent, unfair, or deceptive violations of § 110, as authorized by § 110(i)(1). The fourth claim is for injunctive relief as authorized by §110(j)(2)(A), to prevent recurrence of violations of § 110 and engaging in fraudulent, unfair, or deceptive conduct.

**PUCKETT'S MOTION TO DISMISS**

Puckett's motion to dismiss is predicated primarily upon denials of the allegations of the Complaint. He contends that "all transactions of documents preparing for bankruptcy forms have been in compliance with the previous Court order of $200 *traded* for preparing a Kansas Bankruptcy Document Kits,"[6] that he "makes no false statements during his advertising,"[7] and "all alleged events reported by Mr. Wieland [in the Complaint], exception of paragraphs 1 through 9, . . . are completely false claims of untrue statements of facts, completely improvable and as such, warrantless."[8] He devotes several pages to the argument that the prosecution of the Complaint would interfere with free trade, his "freedom to exchange goods and services openly with others - [a freedom]. . . fundamental to human well-being as any right guaranteed in the U.S. Constitution."[9]

---

[6] Doc. 5, 1.

[7] *Id*. at 2.

[8] *Id*. at 3.

[9] *Id*. at 7.

**DISCUSSION**

The Court finds that the allegations of the Complaint are sufficient to withstand the motion to dismiss under Rule 12(b)(6). When ruling on such a motion, the Court takes the allegations of the Complaint as true. Puckett's denials of the truth of the allegations are therefore an insufficient ground for dismissal. Further, the Court rejects allegations of interference with free trade of other products offered by Puckett as a basis to dismiss. The relief sought in the Complaint is authorized by §110, which is a statute concerning bankruptcy petition preparers. The UST does not allege wrongs or seek relief regarding other aspects of Puckett's business.

**CONCLUSION**

For the forgoing reasons, the Court denies Puckett's motion to dismiss under Rule 129(b)(6). The Complaint states four claims for relief claim which are plausible; it pleads facts adequate to draw a reasonable inference that Puckett is liable for the alleged misconduct.

**IT IS SO ORDERED.**

###